IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD POWELL,<br><br>                Plaintiff,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF NEBRASKA,<br><br>                Defendant. | 8:15-CV-386<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on Defendant's Motion to Quash Service and Motion to Dismiss (filing 11) and the plaintiff's motion to reissue summons (filing 15). The defendant's motion will be granted in part and in part denied, and the plaintiff's motion will be granted.

      The defendant's motion is premised on the fact that the plaintiff attempted to effect service by sending his summons and initial pleading to the lawyers who had represented the defendant in a previous matter, instead of an agent authorized to accept service in this case. *See* filing 12. The plaintiff, for his part, admits the error, and has explained that it was made in good faith. *See* filing 16. Accordingly, the Court finds that it is appropriate to quash the defective service.

      The Court will not, however, dismiss the case. A case may be dismissed on motion for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). But the plaintiff has 120 days from the filing of the complaint to serve process. *See* Fed. R. Civ. P. 4(m).[1] The plaintiff's complaint was filed on October 22, 2015, *see* filing 1, so that 120-day period has not yet run. The Court declines to dismiss a case for insufficient service of process when the plaintiff has not yet failed to serve process within the time provided by the Federal Rules. The plaintiff has until February 19, 2016 to either (1) complete service of process, or (2) show good cause or excusable neglect for any failure to do so. *See*, Rule 4(m); *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010).

      The plaintiff has also filed a "request to reissue summons," asking the Court to "reissue another summons to party that has already been served."

---

[1] Although Rule 4(m) was recently amended to shorten this period to 90 days, that amendment does not apply to cases already pending in this Court as of December 1, 2015, unless otherwise ordered. Gen. Order No. 2015-06.

Filing 15. That request is not entirely accurate: the defendant has, in fact, *not* been served. But the Court takes the plaintiff's meaning. The Court cannot, however, simply "reissue" summons without more from the plaintiff: the summons form he already completed contained the wrong information for serving the defendant, which is what led to this problem in the first place. The plaintiff must complete the summons form again, this time providing the *correct* information for serving the defendant. With that understanding, the Court will grant the plaintiff's motion to reissue summons.

IT IS ORDERED:

1. Defendant's Motion to Quash Service and Motion to Dismiss (filing 11) is granted in part, and in part denied:

    a. The plaintiff's previous attempt to serve process is quashed.

    b. This case will *not* be dismissed.

2. Plaintiff's motion to reissue summons (filing 15) is granted.

3. The Clerk of the Court shall send a copy of this Memorandum and Order together with one summons form and one USM-285 form to the plaintiff for service of process on the defendant.

4. If the plaintiff is not requesting service by United States Marshal, the plaintiff shall, as soon as possible, complete the summons form and return it to the Clerk of the Court to be issued. The issued summons will then be returned to plaintiff for service on the defendant. The Clerk of the Court shall note that it is an amended summons.

5. If the plaintiff is requesting service by the United States Marshal, the plaintiff shall, as soon as possible, complete the USM-285 form and the summons form and return them to the Clerk of the Court. The Clerk of the Court will sign the summons forms, noting that it is an amended summons, and forward the forms with a copy of the plaintiff's Complaint to the U.S. Marshal for service of process. The Clerk of the Court will copy the Complaint;

the plaintiff need not do so. The Marshal shall serve the summons and complaint without payment of costs or fees.

Dated this 23rd day of December, 2015.

BY THE COURT:

/s/ John M. Gerrard
John M. Gerrard
United States District Judge