IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD POWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF NEBRASKA,<br><br>    Defendant. | 8:15-CV-386<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the defendant's motion to dismiss (filing 28). For the reasons discussed below, the Court will grant the motion.

BACKGROUND

  This plaintiff has been before this Court before on the same claims for relief. The plaintiff filed the first action against this defendant in state court, and after he filed his Second Amended Complaint, the defendant removed the case to this Court on October 30, 2014. *Powell v. Blue Cross Blue Shield of Neb.* (*Powell I*), case no. 8:14-cv-337, filing 1. The plaintiff had two lawyers. The first moved to withdraw on March 3, 2015, citing a breakdown in the attorney-client relationship. *Powell I*, filing 13. The Court granted that request. *Powell I*, filing 14. A few days later, the second lawyer also moved to withdraw because she had switched firms, and she explained that she had both written to the plaintiff and spoken on the telephone with him about her need to withdraw. *Powell I*, filing 15. The Court granted her request as well. *Powell I*, filing 16.

  On March 13, 2015, after granting the second motion to withdraw, the Court ordered the plaintiff to either obtain new counsel or notify the court of his intent to proceed without counsel, on or before April 3. *Powell I*, filing 16. The plaintiff did not respond in any way to the order. On April 24, the defendant filed a motion to dismiss. *Powell I*, filing 17. The plaintiff did not respond in any way to the motion to dismiss. On May 20, the Court granted the motion to dismiss pursuant to Fed. R. Civ. P. 41(b), based on the plaintiff's failure to comply with the Court's March 13 order, failure to comply with the case progression requirements of Fed. R. Civ. P. 26(f), and general failure to prosecute the case. *Powell I*, filing 18 at 1.

On October 22, 2015, the plaintiff filed the present action in this Court. Filing 1. The new complaint is materially identical to the operative complaint that was dismissed in *Powell I*. *Compare* filing 1 *with Powell I*, filing 1-1 at 1-7. The defendant has moved to dismiss this action on the grounds that the plaintiff is barred from refiling the same claims that were dismissed in *Powell I*. Filing 28.

### STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### DISCUSSION

As relevant, Rule 41(b) explains that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

A district court may dismiss a cause of action with prejudice for failing to prosecute or to comply with the federal rules or any court order. *Bergstrom v. Frascone,* 744 F.3d 571, 574 (8th Cir. 2014). "An involuntary dismissal under Rule 41(b) is with prejudice unless stated otherwise by the district court." *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005); *cf. Boyle v. Am. Auto Serv.*, 571 F.3d 734, 743 (8th Cir. 2009). The primary meaning of dismissal with prejudice in Rule 41(b) is barring the defendant from returning later, to the same court, with the same underlying claim. *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

This Court dismissed *Powell I* under Rule 41(b) for failure to comply with court orders and rules, and failure to prosecute. *Powell I*, filing 18 at 1.

The Court did not state that the dismissal was without prejudice. *See Powell I*, filings 18 and 19. Therefore, *Powell I* was dismissed with prejudice. *See Boyle*, 471 F.3d at 743; *Luney*, 432 F.3d at 867.

The claims in the present action are identical to the claims in *Powell I*. Since this Court's dismissal of *Powell I* was an adjudication on the merits pursuant to Rule 41(b), the plaintiff is barred from bringing the same claims again in this Court. *See Luney*, 432 F.3d at 867; *see also Semtek Int'l*, 531 U.S. at 505. The Court will grant the defendant's motion to dismiss.

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 28) is granted.

2. The plaintiff's complaint is dismissed with prejudice.

3. A separate judgment will be entered.

Dated this 5th day of August, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge